Brown *v.* Wallis.

---

John J. Brown, committee of Charlotte M. Fox, a lunatic, appellant,

*v.*

Hamilton Wallis et al., trustees, respondents.

[Argued March 14th, 1902.  Decided June 16th, 1902.
Filed June 16th, 1902.]

1. Under the supplement to the act concerning idiots and lunatics, approved June 20th, 1890 (*P. L. of 1890; Gen. Stat. p. 1704 ¶ 37*), the orphans court of any county in this state, upon application for that purpose, and upon proper proceedings and proofs, as therein required, may appoint a guardian of a lunatic residing in another state, but having property here, and in its discretion may appoint as such guardian a person within this state or the committee of such lunatic in the foreign state.

2. Where proceedings for the appointment of such a guardian had already been begun in the orphans court and the court had obtained jurisdiction over the subject-matter, a petition in the court of chancery praying a decree for the payment of moneys belonging to the lunatic, then in its control, to the committee of the lunatic in a foreign state and to enjoin further proceedings to appoint a guardian in the orphans court was properly denied.

On appeal from an order advised by Vice-Chancellor Pitney, whose opinion is reported in *51 Atl. Rep. 621*.

*Mr. Charles L. Corbin,* for the appellant.

*Mr. William D. Edwards,* for the respondents.

The opinion of the court was delivered by

HENDRICKSON, J.

This is an appeal from a decree of the court of chancery denying the prayer of the petition of the appellant, a committee of the person and property of Charlotte M. Fox, a lunatic, appointed by the supreme court of the State of New York, and ordering that the same be dismissed, with costs. The petition prayed a decree that the sum of $7,589.69 found due to the said lunatic from the respondents, as surviving executors upon an accounting in said court, be paid to the appellant, as such committee, and that, pending the application, the respondents should be stayed from proceeding further in the Hudson county orphans court for the appointment of a guardian of said lunatic in the State of New Jersey. The facts and circumstances under which the petition was filed and the order appealed from was made fully appear in the opinion of the vice-chancellor, and need not be restated. We think the decree appealed from should be affirmed, but upon a different ground from that stated in the opinion. By reference to a statute of this state entitled "An act to amend an act entitled 'An act concerning idiots and lunatics,' approved March twenty-seventh, one thousand eight hundred and seventy-four" (*P. L. of 1890 p. 507; Gen. Stat. p. 1704 ¶ 37*), it will be seen that authority is expressly conferred upon the orphans court of any county in this state, in which any property of a lunatic residing out of this state is situate, upon application made to it for that purpose and upon proper proceedings and proofs therein required, to make an order to show cause why a guardian for said lunatic shall not be appointed, with a proviso that when it shall appear that the person making the application has been appointed guardian, trustee or committee of such lunatic in the state where the inquest was held, in that case the court may at once appoint the person

making the application guardian of such lunatic without the order to show cause.

Since it is admitted. that, before the petition was filed, an application had been regularly made to the Hudson county orphans court for the appointment of a guardian of said lunatic in this state, in which proceedings the said committee had appealed and filed his affidavit and procured an adjournment, it is apparent that the orphans court had jurisdiction of the subject-matter of the application at the time of the filing of the petition, and that it was in the discretion of that court either to appoint as such guardian a person in this state or the committee of the lunatic in the State of New York.

We think that, under such circumstances, the court of chancery could not lawfully enjoin the proceedings in the orphans court, and that the chancery court was justified in denying the prayer of the petition.

Upon this ground alone—no other ground appearing in the case, as we think—the decree below is affirmed.

*For affirmance*—The Chief-Justice, Dixon, Garrison, Collins, Garretson, Hendrickson, Adams, Vredenburgh, Vroom —9.

*For reversal*—None.